Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
TAURINA BONILLA PERALTA (A/K/A
ALEXA), *individually and on behalf of others*
*similarly situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiff,* | **COLLECTIVE ACTION UNDE** |
| | **29 U.S.C. § 216(b)** |
| -against- | |
| ONNI NAILS INC (d/b/a ONNI | |
| NAILS), and BIN LI, | |
| *Defendants.* | |

-------------------------------------------------------X


        Plaintiff Taurina Bonilla Peralta (a/k/a Alexa) ("Plaintiff Alexa" or "Ms. Alexa"),

individually and on behalf of others similarly situated, by and through her attorneys, Michael

Faillace & Associates, P.C., alleges upon information and belief, and as against each of

Defendants Onni Nails Inc (d/b/a Onni Nails) ("Defendant Corporation"), and Bin Li,

("Individual Defendant"), (collectively, "Defendants"), as follows:

                                    <u>**NATURE OF ACTION**</u>

        1.      Plaintiff Alexa is a former employee of Defendants Onni Nails Inc (d/b/a Onni

Nails) and Bin Li.

        2.      Onni Nails Inc is a nail salon and spa owned by Bin Li, located at 1389 6th

Avenue, New York, NY 10019.

3.      Upon information and belief, Defendant Bin Li serves or served as owner, manager, principal, or agent of Defendant Corporation and through this corporate entity operates the nail salon and spa.

4.      Plaintiff Alexa is a former employee of Defendants.

5.      Plaintiff Alexa was employed as a manicurist and spa masseuse.

6.      At all times relevant to this Complaint, Plaintiff Alexa worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that she worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of her hours worked, failed to pay Plaintiff Alexa the applicable minimum wage, and failed to pay her appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants' conduct extended beyond Plaintiff Alexa to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Alexa and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Alexa now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL")

§§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146, including applicable liquidated damages, interest, attorneys' fees, and costs.

11.     Plaintiff Alexa seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Alexa's state law claims is conferred by 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate his businesses in this district, and Plaintiff Alexa was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Alexa is an adult individual residing in Bronx County, New York.

15.     Plaintiff Alexa was employed by Defendants from approximately April 18, 2021 until on or about February 3, 2026.

16.     Plaintiff Alexa consents to being a party plaintiff, pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.    At all times relevant to this complaint, Defendants own, operate, and/or control a nail salon and spa located at 1389 6th Avenue, New York, NY 10019 under the name "Onni Nails"

18.    Upon information and belief, Onni Nails Inc ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it is located at 1389 6th Avenue, New York, NY 10019.

19.    Defendant Bin Li is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Bin Li is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Bin Li possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.  Defendant Bin Li determined the wages and compensation of the employees of Defendants, including Plaintiff Alexa, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

20.    Defendants operate a nail salon and spa located in the midtown west section of Manhattan in New York City.

21.    Individual Defendant Bin Li possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

22.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

23.    Each Defendant possessed substantial control over Plaintiff Alexa's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Alexa, and all similarly situated individuals, referred to herein.

24.    Defendants jointly employed Plaintiff Alexa, and all similarly situated individuals, and are Plaintiff Alexa's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.    In the alternative, Defendants constitute a single employer of Plaintiff Alexa and/or similarly situated individuals.

26.    Upon information and belief, Individual Defendant Bin Li operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e)     operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of his own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

28.     Defendants had the power to hire and fire Plaintiff Alexa, controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for Plaintiff Alexa's services.

29.     In each year from 2021 to 2026, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used by the nail salon and spa on a daily basis, such as brooms, mops, and cleaning fluids, were produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Alexa is a former employee of Defendants, employed in performing the duties of a manicurist and spa masseuse.

32.     Plaintiff Alexa seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Taurina Bonilla Peralta (a/k/a Alexa)*

33.     Plaintiff Alexa was employed by Defendants from approximately April 18, 2021 until on or about February 3, 2026.

34.     At all relevant times, Plaintiff Alexa was employed by Defendants as a manicurist and spa masseuse.

35.     Plaintiff Alexa regularly handled goods in interstate commerce, such as acetone and nail polishes produced outside of the State of New York.

36.     Plaintiff Alexa's work duties required neither discretion nor independent judgment.

37.     Throughout her employment with Defendants, Plaintiff Alexa regularly worked in excess of 40 hours per week.

40.     From approximately April 18, 2021 until on or about May 2, 2021, Plaintiff Alexa worked from approximately 10:00 a.m. until on or about 8:00 p.m. four days a week (typically 40 hours per week).

41.     From approximately May 3, 2021 until on or about March 2022, Plaintiff Alexa worked from approximately 10:00 a.m. until on or about 8:00 p.m. five days a week (typically 50 hours per week).

42.    From approximately March 2022 until on or about December 2022, Plaintiff Alexa worked from approximately 10:00 a.m. until on or about 8:00 p.m. six days a week (typically 60 hours per week).

43.    From approximately January 2023 until on or about December 2023, Plaintiff Alexa worked from approximately 10:00 a.m. until on or about 8:00 p.m. five days a week (typically 50 hours per week).

44.    From approximately January 2024 until on or about December 2024, Plaintiff Alexa worked from approximately 9:45 a.m. until on or about 7:45 p.m. six days a week (typically 60 hours per week).

45.    From approximately January 2025 until on or about December 2025, Plaintiff Alexa worked from approximately 10:00 a.m. until on or about 8:30 p.m. five days a week (typically 52.5 hours per week).

46.    However, in August 2025, Plaintiff Alexa only worked two days the first week, three days the next two weeks and four days the last week (typically 21 to 42 hours per week).

47.    From approximately January 1, 2026 until on or about February 3, 2026, Plaintiff Alexa worked from approximately 9:30 a.m. until on or about 7:30 p.m. five to six days a week (typically 50 to 60 hours per week).

48.    For one week in January 2026, Plaintiff Alexa only worked two days from 9:30 a.m. until on or about 7:30 p.m. (typically 20 hours per week).

49.    Throughout her employment, Defendants paid Plaintiff Alexa her wages in cash.

50.    From approximately April 14, 2021 until on or about October 2021, Defendants paid Plaintiff Alexa a fixed salary of $90.00 per day.

8

51.    From approximately November 2021 until on or about May 2022, Defendants paid Plaintiff Alexa a fixed salary of $95.00 per day.

52.    From approximately June 2022 until on or about December 2022, Defendants paid Plaintiff Alexa a fixed salary of $100.00 per day.

53.    From approximately January 2023 until on or about February 3, 2026, Defendants paid Plaintiff Alexa a fixed salary of $105.00 per day.

54.    For one week in 2026, Defendants did not pay Plaintiff Alexa any wages for her two days of work.

55.    In addition, on January 26, 2026, the owner of the business kept Plaintiff Alexa's tips.

56.    Plaintiff Alexa's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

57.    For example, Defendants required Plaintiff Alexa to work an additional 15 minutes past her scheduled departure time and did not pay her for the additional time she worked.

58.    Plaintiff Alexa was only required to keep track of her start times, by signing a piece of paper when she arrived each day.

59.    Every payday, Defendants required Plaintiff Alexa to sign a document written in Chinese or in another language she could not read, in order to release her weekly pay.

60.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Alexa regarding overtime and wages under the FLSA and NYLL.

61.    Defendants did not provide Plaintiff Alexa with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

62.    Defendants never provided Plaintiff Alexa with a written notice, in English and in Spanish (Plaintiff Alexa's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.    As a result of Defendants' failure to provide Plaintiff Alexa with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, she was prevented from: (i) comparing her rate of pay to her hours worked; (ii) realizing that she was underpaid; and (iii) advocating for herself and/or taking appropriate action to obtain the payments due to her.

64.    Defendants required Plaintiff Alexa to purchase "tools of the trade" with her own funds—including bags of special scissors she needed to perform her job.

*Defendants' General Employment Practices*

65.    Defendants regularly required Plaintiff Alexa to work in excess of forty (40) hours per week without paying her the proper minimum wage and overtime compensation.

66.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Alexa (and all similarly situated employees) to work in excess of forty (40) hours per week without paying her appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

67.    Plaintiff Alexa was a victim of Defendants' common policy and practices violating her rights under the FLSA and New York Labor Law by *inter alia*, not paying her the wages she was owed for the hours she had worked.

68.    efendants habitually required Plaintiff Alexa to work additional minutes beyond her regular shifts but did not provide her with any additional compensation.

69.    Defendants' pay practices resulted in Plaintiff Alexa not receiving payment for all her hours worked, and resulting in Plaintiff Alexa's effective rate of pay falling below the required minimum wage rate.

70.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

71.    Plaintiff Alexa was paid her wages in cash.

72.    By employing these practices, Defendants avoided paying Plaintiff Alexa the minimum wage for her regular hours and overtime compensation of time and a half for all of her hours worked in excess of forty (40) hours per week.

73.    Defendants failed to post required wage and hour posters in the nail salon and spa, and did not provide Plaintiff Alexa with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Alexa's relative lack of sophistication in wage and hour laws.

74.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Alexa (and similarly situated individuals) worked, and to avoid paying Plaintiff Alexa properly for (1) her full hours worked and (2) for overtime due.

75.    Defendants failed to provide Plaintiff Alexa and other employees with accurate wage statements at the time of payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

76.     Defendants failed to provide Plaintiff Alexa and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

77.     As a result of Defendants' failure to provide Plaintiff Alexa and other employees a Notice of Pay Rate or accurate wage statements with each payment of his wages, Plaintiff Alexa and other employees were prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that they were underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

78.    Plaintiff Alexa brings her FLSA minimum wage, overtime pay and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in her case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

79.    At all relevant times, Plaintiff Alexa and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times her regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

80.    The claims of Plaintiff Alexa stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

81.    Plaintiff Alexa repeats and realleges all paragraphs above as though fully set forth herein.

82.    At all times relevant to this action, Defendants were Plaintiff Alexa's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Alexa

(and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

83.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

84.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

85.    Defendants failed to pay Plaintiff Alexa (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

86.    Defendants' failure to pay Plaintiff Alexa (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

87.    Plaintiff Alexa (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE FLSA OVERTIME PROVISIONS

88.    Plaintiff Alexa repeats and realleges all paragraphs above as though fully set forth herein.

89.    At all times relevant to this action, Defendants were Plaintiff Alexa's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Alexa (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

90.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

92.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Alexa (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

93.     Defendants' failure to pay Plaintiff Alexa (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94.      Plaintiff Alexa (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

95.     Plaintiff Alexa repeats and realleges all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiff Alexa's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Alexa (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

97.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Alexa (and the FLSA Class members) less than the minimum wage.

98.    Defendants' failure to pay Plaintiff Alexa (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

99.    Plaintiff Alexa (and the FLSA Class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK STATE
LABOR LAW'S OVERTIME PROVISIONS**

100.    Plaintiff Alexa repeats and realleges all paragraphs above as though fully set forth herein.

101.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Alexa (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

102.    Defendants' failure to pay Plaintiff Alexa (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.    Plaintiff Alexa (and the FLSA Class members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

104.    Plaintiff Alexa repeats and realleges all paragraphs above as though fully set forth herein.

96.    Defendants failed to provide Plaintiff Alexa with a written notice, in English and in Spanish (Plaintiff Alexa's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

97.    As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Alexa, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

98.    Defendants are liable to Plaintiff Alexa in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

99.    Plaintiff Alexa repeats and realleges all paragraphs above as though set forth fully herein.

100.    Defendants did not provide Plaintiff Alexa with a statement of wages with each payment of wages, as required by NYLL 195(3).

101.    As a result of Defendants' failure to furnish accurate statements to Plaintiff Alexa, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

17

102.    Defendants are liable to Plaintiff Alexa in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alexa respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Alexa and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Alexa and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Alexa's, and the FLSA Class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Alexa and the FLSA Class members;

(f)    Awarding Plaintiff Alexa and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against

18

wages under the FLSA, as applicable;

(g)    Awarding Plaintiff Alexa and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Alexa and the members of the FLSA Class;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Alexa and the members of the FLSA Class;

(j)    Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Alexa', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Alexa and the FLSA Class members;

(l)    Awarding Plaintiff Alexa and the FLSA Class members damages for the amount of unpaid minimum and overtime wages;

(m)    Awarding Plaintiff Alexa damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiff Alexa and the FLSA Class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff Alexa and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Alexa and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Alexa demands a trial by jury on all issues triable by a jury.


Dated: New York, NY
February 18, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

_/s/ Michael Faillace_____
By:  Michael A. Faillace [MF-8436]
     60 East 42nd Street, Suite 4510
     New York, New York 10165
     (212) 317-1200
     _Attorneys for Plaintiff_

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

michael@faillacelaw.com

February 9, 2026

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Taurina Bonilla

Legal Representative / Abogado:    Michael Faillace & Associares, P.C.

Signature / Firma:

Date / Fecha:                          February 9, 2026

*Certified as a minority-owned business in the State of New York*